IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § § § | |
| v. | § § | CRIMINAL ACTION NO. 4:05CR-151 |
| JASON RYAN SANFORD | § § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 15, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Kevin McClendon.

On March 14, 2006, Defendant was sentenced by the Honorable United States District Judge Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Possession of a Controlled Substance with Intent to Distribute a Controlled Substance. Defendant was sentenced to one hundred twenty (120) months imprisonment followed by a five (5) years of supervised release.

On August 11, 2014, Defendant completed his period of imprisonment and began service of his term of supervised release. On October 7, 2015, this case was reassigned to United States District Judge Amos Mazzant.

On October 7, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 26 Sealed]. The Petition asserted that Defendant violated seven (7) conditions of supervision, as follows: (1) Defendant shall not commit another federal, state, or local crime.; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; (4) Defendant shall refrain from any unlawful use of a controlled substance; (5) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (6) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; and (7) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer.

The Petition alleges that Defendant committed the following acts: (1) and (2) On September 3, 2015, the defendant was arrested in Irving, TX, by Irving Police Department for Possession of CS, Methamphetamine, PG < 1 Gram, and Possession of Marijuana <2 Grams. As of this writing, these charges are still pending. On June 12, 2015, the defendant was arrested by Celina Police Department for Driving While License Suspended. The defendant was released on June 13, 2015, from Collin County Jail on a $500 bond. The case remains pending; (3) On June 12, 2015, when the defendant was arrested by Celina Police Department for Driving While License Suspended. The defendant granted permission for police to search his vehicle. Officers found 6 rounds of 380 cal. live ammunition in the glove box on the passenger side of the vehicle;

(4) and (5) On June 5, and July 8, 2015, the defendant submitted a urine specimen that tested positive for methamphetamine. Said results were confirmed by laboratory testing; (6) The defendant failed to submit a written monthly report form for the months of August and September, 2015; and (7) The defendant failed to submit a random urine specimen at Addiction Recovery Center in Lewisville, TX, on May 27, June 5, 9, 22, and July 6, 2015, as instructed and part of the U.S. Probation Office random drug testing program.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations four (4), five (5), six (6), and seven (7) of the Petition, specifically that Defendant shall refrain from any unlawful use of a controlled substance; Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month; and Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. The Government withdrew allegations one (1), two (2) and three (3). Having considered the Petition and the plea of true to allegations four (4), five (5), six (6) and seven (7), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of thirteen (13) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons North Texas region, if appropriate.

**SIGNED this 15th day of December, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE